### LIPMAN et v. WIDEMAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6924.  Decided Dec. 20, 1926

1029.  RESCISSION—Where bonds secured by a third mortgage on certain property, are transferred to the vendor, as part payment on a sale of real estate, and prior to the deal the vendee was made a party to foreclosure, and he transferred the bonds without disclosing to the vendor this fact, nor that the bonds were not of face value as represented, plaintiff is entitled to rescind the deed and to recover back possession of the real estate.

VICKERY, J.

Prior to Jan. 16, 1925, Fred Wideman was the owner of certain premises situated in Lakewood, Ohio.  He entered into a contract of sale with M. H. Lipman whereby he was to receive $10,000 as the purchase price for the premises; and to make up this amount, was a first and second mortgage; and the balance amounting to about $2500 was to be in Junior Mortgage Bonds of the Medical Center Co.

Lipman it seems was a plumber and had furnished labor and material to the amount of about $45,000 in the construction of the Medical Center Building.  In order to finance the project of erecting the Center Bldg., bond issues were resorted to.  A first mortgage secured $650,000 worth of bonds and the second mortgage amounted to about $125,000.  The third mortgage was security for the bonds, part of which were transferred to the plaintiff in this action.

The record shows that on Nov. 7, 1924, more than two months prior to the final consummation of the sale between Wideman and Lipman, a suit had been brought by some of the lienholders upon the property known as the Medical Center Building to forclose the liens and to sell the property covered by the mortgages.  There was some $60,000 worth of valid and subsisting liens ahead of the third mortgage securing these particular bonds, ie. those transferred to Wideman by Lipman.  Lipman represented to Wideman that these bonds were of face value.

Wideman brought an action in the Cuyahoga Common Pleas to set aside and rescind a deed to recover back possession of the property transferred to Lipman, basing his right to recisnd puon overt acts of fraud and the concealment of material facts.  On appeal, the Court of Appeals held:

1.  It is significant to note that Lipman had been made a party to the foreclosure proceedings and that two months thereafter he transferred these bonds representing them to be of face value, and procured therefor a value in equity to the extent of $2500.

2.  This was a circumstance which, in the exercise of good faith, it was Lipman's duty to disclose to Wideman, because it reflected very much upon the value of these bonds, and Wideman had a right to know of this fact.

3.  The lienholder's suit resulted in a foreclosure and sale which absolutely wiped out the third mortgage which secured the bonds in question.

4.  The fact that these represenattions were made and this deal was entered into and consummated with the lienholder's suit pending, and that Wideman was not aware of this situation, both fraudulent representations and concealment of material facts were made as to these bonds, and he had a right to know, oefore ne was induced to part with anything of value for the worthless bonds, of those facts.

5.  The plaintiff is entitled to the rescission of the contract and that he be restored to all things lost by virtue of this transaction.

Decree accordingly.

(Levine, PJ., and Sullivan, J., concur.)

Attorneys—Kammer, Geiger & Williams for Lipman; Treadway & Marlatt for Wideman; all of Cleveland.