HOME FURNACE CO. v. MAYER.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1572. Decided March 23, 1927.

**First Publication of this Opinion.**

1167. TENDER—Not necessary, in order to tender furnace, to remove same or deliver at any particular place. Request to take possession and remove from building, amounts to tender.

Error to Municipal Court.

Affirmed by Common Pleas.

Error to Common Pleas.

Judgment affirmed.

James N. Hengst, Columbus, for Furnace Co.

James B. Spellman, Columbus, for Mayer.

FULL TEXT.

BY THE COURT.

This case originated in the Municipal Court. The plaintiff, who is defendant in error, recovered judgment in that court, and the judgment was affirmed in the Court of Common Pleas. Error is prosecuted to this court.

The case was submitted in the Municipal Court on the second amended petition which sets out the installation of certain furnaces under a contract that the same were to be properly installed for the purpose of heating certain buildings; that the same were not properly installed and that the plaintiff repeatedly requested the defendant, The Home Furnace Company, to remove said furnaces and which said Home Furnace Company refuses to do.

The plaintiff thereupon brought the action in the Municipal Court for damages arising out of the improper installation of the furnaces for a breach of the warranty that the furnaces were fit for the uses for which they were sold and installed. It appears that the plaintiff paid the contract price for the installation of the furnaces except $50.00. It also appears that the furnaces were in use during one season. It appears from the record that there was at least an implied warranty that the furnaces, when installed, would accomplish the purposes of heating the building and there was evidence tending to prove that these furnaces did not accomplish that purpose, and that there were certain defects.

While there is a conflict of evidence upon the issues in the case, we are of the opinion that there was sufficient evidence to sustain the judgment of the Municipal Court and that the same is not contrary to the manifest weight of the evidence. It is earnestly insisted by counsel for plaintiff in error that no tender back of the furnaces was made by the plaintiff. The sufficiency of the tender depends upon the circumstances of the case. The petition contains the averment that he repeatedly requested the defendant to remove the furnaces and that the defendant refused to do so. We think this amounted to a tender. The furnaces had been installed by the defendant and if the furnaces did not work and there was a breach of the warranty we do not think it was the duty of the plaintiff, in order to tender back the furnaces, to remove the same or deliver them at any particular place. It is only necessary that he request the defendant who installed the furnaces to take possession of the furnaces and remove them from the building. There is also an objection to the form of the petition but we think that, fairly construed, the second amended petition upon which the case was tried is sufficient to entitle the plaintiff to recover damages for the breach of the contract. Finding no prejudicial error we are of opinion that the judgments of the Court of Common Pleas and the Municipal Court should be affirmed.

(Ferneding, Kunkle and Allread, JJ., concurring.)