## FARMER v. COURTRIGHT.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1522. Decided Dec. 12, 1927.

Cushing, J., of the 1st Dist., sitting, in place of Kunkle, J., of 2nd Dist.

### First Publication of this Opinion.

### Syllabus by Editorial Staff.

**557. FRAUD AND DECEIT.**
Where record discloses that defendant misled plaintiff by statements and acts, and concealed from her fact that she was signing deed instead of a mortgage; and that no consideration passed, deed will be set aside.

Guy V. Fridley, Columbus, for Farmer.
John H. Cooper and Geo. W. Tooill, Columbus, for Courtright.

### FULL TEXT.
CUSHING, J.
This action was prosecuted to set aside a deed, on the ground that the same was obtained by misrepresentations and fraud.

The petition charged misrepresentation and fraud on the part of the defendant in inducing plaintiff to sign a deed, conveying to the defendant lots 242, 243, and 244 in Hamilton Township, Franklin County, Ohio, as the same are recorded in plat book 3 of the Recorder's Office of Franklin County, Ohio; that the plaintiff had purchased these lots from Busby and solicited a loan from the defendant in the sum of $48, to make a certain payment on the lots; that the defendant agreed to lend the plaintiff the money, and that she understood she was signing a mortgage to secure a loan of forty-eight dollars. She prays that the deed be set aside and held for naught.

The answer was a general denial.

The record discloses that the defendant prepared the deed from the Busbys to Farmer, and, as notary, took the acknowledgment of Mr. and Mrs. Busby. He then prepared a writing that the plaintiff understood was a mortgage, but which in fact was a deed from Farmer to Courtright, had her sign it, had it acknowledged in a grocery at the Village of Lockbourne, and took both of these instruments to Columbus and had them recorded.

The first intimation that Mrs. Farmer had that she had signed a conveyance was when Courtright stated to her, on the way back from Lockbourne, that "all I have to do is to put this under the typewriter and that place is mine."

The only basis of the claim of the defendant that Mrs. Farmer knew that it was a deed, was defendant's evidence that he stated to the mayor in her presence, and in the presence of others, that it was a deed, and that the statement was made in a voice loud enough for her to hear it. He at no time told her that it was a deed. It was handed to her partially folded, so that she did not have the opportunity, nor was she permitted, to read the instrument.

He did not give any consideration for the deed.

The record discloses that the defendant misled the plaintiff by his statements and acts, and concealed from her the fact that she was signing a deed instead of a mortgage; and that no consideration passed for the deed to the property.

The defendant claims that he has made certain improvements on the property. He did this with full knowledge of his own act. In addition to having made these improvements, he has had possession, and should be charged with a proper rental of the property for the time that he has had it.

Our conclusion is: The defendant was guilty of fraud and misrepresentation; that the deed should be set aside and held for naught; and an entry may be prepared requiring the defendant to transfer the property by deed, and if it is not so transferred within ten days from the date of the entry, that the entry shall be recorded and act as a transfer of the property from Courtright to Farmer.

(Ferneding, PJ., and Allread, J., concur.)