## BOESCH v GUARANTEE TITLE & TR CO

Ohio Appeals, 9th Dist, Summit Co

No 2425. Decided March 5, 1935

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

**OPINION**

By STEVENS, J.

The general rule is · that a defrauded party may ordinarily avail himself of one of two remedies. He may affirm the contract and sue for damages, or he may rescind the contract and recover back the consideration paid.

**19 O. Jur., "Fraud and Deceit," §156, et seq.**

If the party defrauded avails himself of the latter remedy, he must tender back the thing received by him so far as he is able, before he can maintain his action.

In the instant case the three corporations involved, while legally separate entities, were in fact one and the same, and the scheme through which the sale of the note and mortgage to plaintiff was perpetrated, was one into which fraud entered from its inception. In that situation, the defendant cannot be heard to say that plaintiff, being unable to tender back the identical thing received by her, cannot rescind and recover the purchase money paid by her.

Before instituting her action, plaintiff did tender everything that she had received under the contract, so far as she was able, which tender, in the ordinary course of events, was of a thing more valuable than the mortgage—i.e., the deed for the property securing the note and mortgage. This she had a right to do upon the authority of Masson v Bovet, 1 Denio (N. Y.) 69, wherein it was said:

"It was urged on the argument that a contract cannot be rescinded by one of the parties alone, so as to authorize a recovery by him of what had been paid upon it, unless the other party is thereby fully restored to the condition in which he stood before the contract was made. This is certainly the general rule; but in cases of fraud, such as this was, it can only mean that the party defrauded, if he would rescind the contract, must return or offer to return everything he received in execution of it. To retain the whole, or a part only of what was received upon the contract, is incompatible with its rescission; and hence the necessity of restoring what had been received upon it.

"This is not exacted on account of any feeling of partiality or regard for · the fraudulent party. The law cares· very little what his loss may be, and exacts nothing for his sake. If, therefore, he has so entangled himself in the meshes of his own knavish plot that the party defrauded cannot unloose him, the fault is his own; and the law only requires the injured party to restore what he has received, and, as far as he can, undo what had been done in the · execution of the contract. This is all that the party defrauded can do, and all that honesty and fair dealing require of him. If these fail to extricate the wrong-doer from the position he has assumed in the execution of the contract, it is in no sense the fault of his intended victim, and upon the principles of eternal justice, whatever consequences may follow, they should rest on the head of the offender alone."

We are unanimously of the opinion that the trial court erred in sustaining defendant's motion for a directed verdict in its favor; for that error the judgment will be reversed and the cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.