OPINION
This appeal comes from the Trumbull County Court of Common Pleas where judgment was rendered for plaintiff-appellee in the amount of $19,398.44 plus interest pursuant to an arbitrator's report.
On May 30, 1989 plaintiff-appellee and defendant-appellant entered into a written contract for purchase of appellant's interest in P.J. Sports Marine Carryout, Inc. The assets of P.J. Sports Marine Carryout, Inc. were to include personal and real property. The contract represented that the company was being sold free and clear of any encumbrances except a mortgage for $44,661 held by First Federal Savings and Loan. The agreement also stated that appellant had furnished appellee with all information regarding the corporation including debts, liabilities and financial information. Inclusion of these provisions in the purchase agreement demonstrates that appellant recognized a duty to disclose material information.
Appellee made a down payment and monthly payments totalling $19,398.47. However, appellee learned later, after the filing of a foreclosure action against the real property, that there existed an encumbrance on the property which was not disclosed at the time of sale. There was in effect a second mortgage for $9,000 reflecting a loan from Cortland Bank to the corporation, the proceeds of which were apparently used to permit third-party defendant-appellees, Joseph Sofchek, and Rose Sofchek to satisfy an outstanding tax obligation. The record here supports the conclusion, contrary to appellant's argument, that he participated in the corporation's approval of a resolution authorizing the corporation to borrow money and loan it to Joseph and Rose Sofchek.
On the basis of appellant's failure to disclose this information, appellee ceased making payments and wrote appellant a letter requesting immediate rescission of the contract. Appellant did not honor this demand. In response, appellee filed a complaint requesting rescission and agreeing to relinquish his interest in the corporation. The matter was heard before a court-appointed arbitrator. Appellant now appeals from the judgment of the trial court, which entered judgment on the arbitrator's report and award in favor of appellee for $19,398.47 plus interest.
Appellant assigns the following as error:
 "The trial court erred to the prejudice of defendant-appellant in ordering rescission of the contract but failing to place appellant in the status quo."
Appellant correctly contends that one who desires to rescind a contract must place the other party in status quo. Reed v. McGrew (1832),5 Ohio 375. However, this is a general statement which is subject to qualification depending on the circumstances of the transaction. Appellant claims that appellee did not. return him to the status quo. He bases this claim on both the mortgage foreclosure proceeding instituted against the property, and the further indebtedness incurred from the time of the sale, all of which allegedly reduced the value of the business to zero.
The law clearly states that:
 "* * * the failure to disclose facts, upon inquiry, or even without inquiry where the circumstances of the transaction impose the duty of disclosure, by reason of which one enters into a contract which he would not have entered into had the facts been disclosed to him, constitutes such fraud as will entitle the injured party to a rescission." 13 Ohio Jurisprudence 3d, (1979), Canellation and Reformation of Instruments, Section 15. See Wideman v. Lipman
(1926), 26 Ohio App. 531, 534; Farmer v. Courtright
(1927), 6 Ohio Law Abs. 243. (Emphasis added.)
Another more recent Ohio case clarifies this proposition further. InRipley v. Coulter Pontiac, Inc. (July 14, 1981), Mahoning App. No. 80 C.A. 46, unreported, the court stated that:
 "Where there has been a breach of a material and vital provision of a contract by one party, the other party thereto may either treat the contract as terminated and rescind it and pursue the remedy that such rescission entitles him to * * *" (Emphasis added.)
The arbitrator did not believe that appellant intentionally or fraudulently misrepresented the existence of this encumbrance. However, his report states that the warranties of "good, absolute and marketable title * * * were breached by (appellant]," and that "the contract between Plaintiff and Wohala was breached by the existence of this undisclosed mortgage." Therefore, based on the propositions in Wideman, Ripley, andFarmer, supra, appellant's failure to disclose the encumbrances when he had a clear duty to do so rises to the level of fraud, and is a valid basis for rescission.
As appellant correctly points out, one cannot seek the return of what he has paid under an agreement alleging fraud a. a basis withouttendering back what was received in the performance of the contract.Metropolitan Electric, Inc. v. Jones (1986), 30 Ohio Misc.2d 9, 10; See also Boesch v. Guarantee Title and Trust Co. (1935), 18 Ohio Law Abs 655. This rule has been applied in cases involving the cancellation or rescission of contracts for the sale of realty such as we have here.
The sufficiency of the tender upon the repudiation of a contract depends upon the circumstances of the case. Home Furnace Company v.Mayer (1927), 6 Ohio Law Abs 22. In Home Furnace, the buyer of furnaces which had been installed in buildings that they were designed to heat abrogated the contract because the furnaces did not heat as contemplated. His requests to the seller to remove them constituted sufficient tender. Id.
Similarly, in this case appellee's conduct demonstrates a "tendering back" of the interests and property held by him in consideration. First as appellee correctly points out, the record demonstrates that the stock certificates were in the possession of appellant's attorney, who was holding them as security for the payment of a loan. Appellant's possession of the certificates certainly negates appellee's ability to physically tender them back to appellant. Second, appellee in both his letter to appellant dated April 16, 1990 and in his complaint dated May 18, 1990 stated his readiness to return to appellant the corporate stock and interest in P.J. Sports Marine Carryout, Inc. in return for the monies paid and rescission of the contract.
Hence, appellee showed by a preponderance of the evidence that he sufficiently made tender in accordance with the law. It was appellant's own refusal to rescind the contract that prolonged any efforts to rejuvenate the business and help restore any loss in value.
Based on the above analysis, appellant's argument that the business was returned to him with no value is no longer relevant. While the real property may have decreased in value, there is no evidence that the other assets and indicia of ownership enumerated in the purchase agreement have concurrently lost total value.
Based on the foregoing, we find that appellee placed appellant in the status quo, and that the trial court did not err in awarding appellee the $19,398.47. Accordingly, we affirm. *Page 1